**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No.: 9:26-cv-80715-DMM-SMM**

Skatteforvaltningen,

*Plaintiff*,

*v*.

470 South Ocean Boulevard Trust,
Jonathan E. Gopman, *in his capacity as trustee for the 470 South Ocean Boulevard Trust*, and
Quadrant Holdings Inc.,

*Defendants*.

____________________________________________/

**JOINT DISCOVERY PLAN**

Pursuant to the Court's Order dated October 14, 2026 (ECF No. 48), the parties, Plaintiff Skatteforvaltningen ("SKAT") and Defendants 470 South Ocean Boulevard Trust (the "470 Trust"), Jonathan E. Gopman ("Gopman"), and Quadrant Holdings Inc. ("Quadrant") hereby submit their joint discovery plan (the "Plan").

**Background**

This action is one of several related actions pending in New York and Florida that arise from SKAT's collection on a judgment of approximately $164 million against Luke McGee, Matthew Stein, and Jerome Lhote. Those actions include *Stein et al. v. Skatteforvaltningen*, 1:23-cv-02508-NRB (S.D.N.Y.) (the "Stein Action"), *Skatteforvaltningen v. McGee et al.*, 1:25-cv-02281-NRB (S.D.N.Y.), *Heneghan et al. v. Skatteforvaltningen*, 9:26-cv-80511-EA (S.D. Fla.) (the "Heneghan Action"), and *Skatteforvaltningen v. 470 South Ocean Boulevard Trust et al.*, 9:26-cv-80922-DMM (S.D. Fla.) (the "Original Homestead Action") (collectively, the "McGee

Actions"). As set forth below, the pendency of the McGee Actions informs certain aspects of the Plan.

## Joint Discovery Plan

### I. Estimated valuation of the case.

SKAT estimates that the value of the property that is the subject of this case is at least $35 million, but notes that this is not a case in which SKAT seeks damages.

Defendants dispute SKAT's valuation. The property at issue in this action is the lawful homestead of the McGee family and is protected from forced sale by Article X, Section 4 of the Florida Constitution. Accordingly, Defendants contend that SKAT cannot recover any amount in this action.

Quadrant takes no position on valuation or damages.

### II. The date for exchanging initial disclosures pursuant to Rule 26(a)(1).

The parties have exchanged initial disclosures.

### III. The subjects on which discovery may be needed.

Because Defendants have invoked Florida's homestead exemption as a defense, SKAT will seek discovery to support both of its theories of liability. First, SKAT will seek to prove that non-party Luke McGee fraudulently transferred or converted his assets to the 470 Trust, which then purchased a homestead for McGee and his wife, Gabrielle McGee. SKAT contends that this conduct, by itself, is sufficient to overcome Florida's homestead exemption under *LaMarca v. Jansen (In re Bifani)*, 580 F. App'x 740 (11th Cir. 2014). Second, SKAT will seek to prove that the proceeds used to purchase the homestead property were obtained by fraud, which will require discovery relating to McGee's alleged fraud on AdaptHealth Corp. ("AdaptHealth") as well as the transfer of the proceeds of that fraud into the homestead.

Defendants dispute both of SKAT's theories of liability and contend that the property at issue is protected by Florida's homestead exemption. Discovery should be proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1), limited to the claims and defenses in the operative pleadings, and informed by the substantial discovery already conducted in this action and the other McGee Actions. In particular, Defendants contend that SKAT is entitled to discovery only concerning the fraud on SKAT that gave rise to its judgment, and not concerning any separate and unrelated alleged fraud, including any matter relating to AdaptHealth. Defendants contend that SKAT's AdaptHealth theory would expand this action into a collateral fraud case against a non-party and impose burdens disproportionate to the issues actually in dispute. Defendants have filed an Expedited Motion for Judgment on the Pleadings (ECF No. 34) addressing this issue, which is fully briefed and awaiting the Court's ruling. The Court's ruling on that motion will directly impact the scope of discovery as to AdaptHealth and other matters pending before this Court.

Quadrant takes no position on SKAT's theories of liability, apart from its dispute that any Quadrant lien on the property at issue is valid as against any SKAT claim.

## IV. Whether the parties can agree to limit discovery on particular issues through stipulation.

The parties agree to work in good faith to limit discovery on particular issues through stipulation. As part of these efforts, the parties agree that they may use in this action evidence obtained in the McGee Actions, subject to any protective or confidentiality orders entered in those actions. The parties reserve the right to raise and confer in good faith on any alleged deficiencies associated with their document productions in the McGee Actions, and nothing in this stipulation waives any party's objections to the admissibility, relevance, or proportionality of such evidence.

**V. What document discovery is needed.**

SKAT asserts that document discovery is needed concerning the formation, use, and governance of the 470 Trust, the transfer of funds into the 470 Trust or the transfer of funds for the 470 Trust's benefit to purchase or improve the homestead at issue, the source of those funds, McGee's solvency or insolvency at the time of any relevant transfer and intent with respect to each transfer, and McGee's alleged fraud on AdaptHealth. SKAT notes that Defendants have produced certain documents concerning the first three topics set forth above but continue to withhold documents as privileged despite the discovery orders of the Honorable Magistrate Judge Matthewman, which SKAT asserts unambiguously require the production of such documents. SKAT further notes that additional third-party discovery is required from, among others, AdaptHealth and Luke McGee, who, to date, has refused to produce documents in response to SKAT's third-party subpoena. Counsel for Defendants do not represent Luke McGee.

Defendants assert that document discovery is needed concerning the factual bases for SKAT's claims and contentions, including documents SKAT has obtained from third parties in this action and the other McGee Actions. Defendants have produced documents concerning the formation, use, and governance of the 470 Trust and the funding of the homestead property. Defendants dispute SKAT's characterization of their document productions and privilege assertions, which have been made in good faith and are the subject of the dispute currently pending before the Court (*see* Original Homestead Action, ECF Nos. 120, 126). Defendants further object to any document discovery concerning AdaptHealth, including third-party discovery from AdaptHealth, for the reasons set forth in Section III above.

Quadrant takes no position on the need for discovery, apart from the basis of SKAT's claim that any Quadrant lien on the property at issue is not valid as against any SKAT claim.

**VI. Whether discovery should be conducted in phases.**

The parties agree that discovery should not be conducted in phases.

**VII. Whether the parties expect to have ESI discovery and, if so, the main information sought and the form in which ESI discovery will be produced.**

The parties expect to have ESI discovery. The main information and documents sought will consist of, among other things, bank account records, email correspondence, and text messages. The parties agree to continue producing discovery in the same manner as they have in this action and the other McGee Actions, namely, by electronic production. It is difficult to forecast the expected costs of ESI discovery in this action, but the parties agree to work in good faith to keep those costs down. Currently, there are no possible alternatives to ESI discovery that the parties are aware of.

**VIII. What individuals each side intends to depose.**

SKAT currently intends to depose Defendant Gopman and non-parties Luke McGee, Gabrielle McGee, Jerome Lhote, representatives of the LBM Family Trust, Fresh Pond Investment LLC and Quadrant, and employees, directors, and/or board members of AdaptHealth. SKAT reserves its right to depose additional individuals as needed.

Defendants currently intend to depose SKAT's corporate representative(s) and reserve the right to depose any witness identified by SKAT and any additional individuals as needed. Defendants object to any deposition of AdaptHealth's employees, directors, or board members as outside the proper scope of discovery for the reasons set forth in Section III above.

Quadrant intends to depose SKAT's corporate representative regarding its contention that any Quadrant lien on the property is not valid as against any SKAT claim.

## IX. Any issues about claims of privilege or protection.

The most significant issue concerning claims of privilege or protection has been raised in the privilege and protection waiver dispute between SKAT and Defendants pending before the Court in the Original Homestead Action (*see* Original Homestead Action, ECF Nos. 120, 126) stemming from Judge Matthewman's prior decisions in this action (*see id.*, ECF Nos. 52, 73). That dispute was discussed during the October 14, 2026 hearing before Judge Maynard, and the parties are awaiting the Court's ruling. The result of that dispute will dictate whether Defendants must produce many of the documents SKAT seeks.

Defendants dispute that any waiver of privilege or protection has occurred and maintain that their privilege assertions are proper. Defendants will continue to comply with the Court's orders and will produce any documents the Court ultimately determines are not privileged or protected.

Quadrant takes no position on the privilege dispute between the parties.

## X. What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

The parties agree that no changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules should be made.

## XI. Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.

On November 18, 2026, SKAT, 470 Trust, and Mr. Gopman, among others, will participate in a global mediation before the Honorable Ursula Ungaro (Ret.) of JAMS. To the extent the mediation on November 18, 2026 is unsuccessful, the parties will continue to engage in good-faith settlement discussions in an effort to resolve this action and the other McGee Actions and, as such, will inform the Court whether an additional mediation session or a settlement conference prior to, or after, the close of discovery would be helpful.

Dated: October 28, 2026

Respectfully submitted,

FOLEY & LARDNER LLP

By: /s/ Vanessa S. Johannes
**Vanessa S. Johannes**
Florida Bar No. 1028744
200 S. Biscayne Blvd, Suite 2100
Miami, FL 33131
Telephone: (305) 482-8412
Facsimile: (305) 482-8600
Email: vanessa.johannes@foley.com
atownsend@foley.com

**Andrea Cunha**
Florida Bar No. 42015
200 S. Biscayne Blvd, Suite 2100
Miami, FL 33131
Telephone: (305) 482-8430
Facsimile: (305) 482-8600
Email: andrea.cunha@foley.com
anita.gomez@foley.com

*Counsel for Defendants 470 South Ocean Boulevard Trust and Jonathan E. Gopman,*

WEINSTEIN TRIAL FIRM PLLC

By: /s/ Stuart Weinstein
Stuart Weinstein
500 Broward Boulevard, 900
Ft. Lauderdale, FL 33394
Tel. (954) 395-2099
Email: stuart@weinsteintrialfirm.com

WUERSCH GERING

By: /s/ Kevin Murphy
Kevin Murphy
Wall Street Plaza
88 Pine Street, 20th Floor
New York, New York 10005
(212) 509-6311
kevin.murphy@wg-law.com

*Counsel for Defendant Quadrant Holdings Inc.*

KOBRE & KIM LLP

By: /s/ Michael C. Fasano
Michael C. Fasano
Fla. Bar No. 98498
201 South Biscayne Blvd, Suite 1900
Miami, Florida 33131
305.967.6100 (t)
305.967.6212 (f)
michael.fasano@kobrekim.com

HUGHES HUBBARD & REED LLP

By: /s/ Marc A. Weinstein
Marc A. Weinstein
J. Scott Sanders II
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Fax: (212) 422-4726
marc.weinstein@hugheshubbard.com
scott.sanders@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*